# DECISIONS OF CASES

# SPECIAL TERM,

## IN JUNE, 1845.

---

THE PEOPLE, *ex rel.* Blacksmith, *vs.* P. L. TRACY, First.Judge of Genesee.

A *mandamus* to compel a judge to issue his warrant to remove intruders from indian lands pursuant to the statute, *(Laws of* 1821, *p.* 183,) must mention the tract of land from which the intruders are to be removed.

No person except the district attorney of the county can prosecute such a *mandamus*, or be named as relator therein.

Where a judge has heard the evidence upon a complaint for an intrusion and settlement upon indian lands and refused to issue his warrant, a *mandamus*, founded upon an allegation that the offence was sufficiently proved, will not lie to compel him to do so.

MOTION by the defendant to set aside an alternative mandamus.

A writ of alternative mandamus, issued pursuant to a former rule of the court, had been served on the defendant, reciting that J. H. Martindale, then district attorney of Genesee, had made complaint before the defendant as first judge, to the effect that certain persons other than indians (who were named) had intruded upon and settled on lands in that county belonging to the Tonewanda indians, and that he had applied for a warrant for their removal pursuant to the statute, [*Laws of* 1821, *p.* 183, § 1;] that an examination was accordingly had before the judge, upon which due proof was made by a witness named, of the

VOL. I.*        78        617

fact of such settlement and residence; but that nevertheless the judge unjustly refused to issue his warrant, *as the people were informed, from the relation of John Blacksmith, a chief of the said Tonewanda indians.* The writ then commanded the judge to issue his warrant in the terms of the statute, or shew cause, &c. The mandamus was prosecuted by Messrs. Verplank and Martindale as plaintiffs' attorneys, neither of whom was district attorney of the county.

*A. Taber,* for the defendant, among other objections, insisted that the district attorney was alone authorized to prosecute the *mandamus;* that the writ did not sufficiently describe or set forth the indian lands alleged to have been intruded upon, and that a *mandamus* did not lie where the officer had heard and determined the complaint.

*J. Van Buren,* (attorney general,) for the relator.

*By the Court,* Jewett, J. The Tonewanda reservation in the county of Genesee is a well known tract of land, and should have been mentioned in the writ as that from which the intruders were to be removed. The writ is bad in that respect.

The statute under which the proceeding was instituted before the defendant, (*Laws of* 1821, *p.* 183,) renders it unlawful for persons other than indians to settle on indian lands, and requires any judge of the court of common pleas, on complaint made to him and on "*due proof of the fact of such settlement,*" to issue his warrant to the sheriff requiring him to remove the intruders. (§ 1.) The sixth section requires the district attorneys of those counties where the indian lands are situated to make complaint against intruders, and to cause them to be removed in the manner before prescribed in the act. By a proper construction of this statute, the district attorney is the only person authorized to institute the proceeding before the judge, and he alone can be the relator in a mandamus to compel the officer to proceed under the act. In a matter of public right, any citizen may prosecute a mandamus; but here the proceeding is for the

benefit of a particular class, and the legislature has thought fit to direct that they shall be represented upon this question by a particular public officer. The district attorney of the proper county is therefore the only one who can interfere in these proceedings.

Besides, the decision of the judge upon the complaint cannot be reversed upon this proceeding. He has exercised the jurisdiction with which the law entrusted him; and in doing so, has held the proof insufficient. This is final and conclusive so far as the remedy now sought is concerned. (*The People* v. *The Judges of the Dutchess C. P.*, 20 *Wend.* 658, *and cases cited.*)

It is proper to add, that upon looking into the proofs submitted to the defendant when the warrant was applied for, I am of opinion that they were not sufficient to authorize the granting of the warrant, and that the complaint was properly disposed of by him. The rule allowing the mandamus must be set aside, and the writ quashed.

Motion granted.