In the Matter of the Application of JULIUS HERNE and Others, Chiefs of St. Regis Tribe of Indians of the State of New York, for the Removal of MARY LAZORE, as an Intruder upon Certain Real Property within Said Reservation.

County Court, Franklin County, December 18, 1928.

——— ———, for petition.

——— ———, opposed.

LAWRENCE, J.   This proceeding was instituted by petition, under section 8 of the Indian Law.   It was commenced by Harold W. Main, as district attorney, upon the application of the chiefs of the St. Regis Tribe of Indians in the town of Bombay in Franklin county.

The St. Regis Indian Reservation is located partly in the town of Bombay and partly in the Dominion of Canada.   One set of chiefs is chosen for the territory and inhabitants on the American side of the international boundary line and another and different set for the people and territory on the Canadian side.   The government, the officials and all regulations are entirely separate and distinct.   No jurisdiction is exercised or attempted beyond

the international boundary line by either. The two tribes have a separate governmental existence. The petition alleges that Mary Lazore is in possession of certain lands in the reservation on the American side of the boundary line; that she claims title and the right of possession thereto; that she is a Canadian Indian and an intruder on the American side within the meaning of section 8 of the Indian Law referred to and the petition asks for a warrant of removal.

Mary Lazore appears by Arthur Handly, who asks that the proceeding be dismissed because of lack of jurisdiction on various grounds. In her answer to the petition, after various denials and admissions, she claims to be a member of the St. Regis Tribe of Indians. She states further that she is the grandmother and guardian according to Indian custom of Robert Williams, who is a son of Minnie Seymour, deceased, a daughter of Mary Lazore, and claims that she occupies the premises for her grandson, who does not reside with her, but is in the school for the deaf at Malone.

The petition states that the matter of the rightful possession of said premises was decided by a council of chiefs of the tribe and that such determination was adverse to Mary Lazore. The answer claims that such adjudication was without force for various reasons. These claims are not deemed pertinent to the present inquiry and proceeding. Testimony was allowed sufficient to indicate that there was an issue involved.

It would seem that Mary Lazore was born on the reservation and on the American side of the boundary line. During all her life, however, she has received annuity money allotted by the Canadian government to Canadian Indians and has never received any annuity money from the State of New York which is allotted to all St. Regis Indians residing on the American side. This would seem to fix her status as a Canadian Indian. She claims by her testimony to own the property in question. Her contention also is that she is a member of the St. Regis Tribe and even though a Canadian Indian must be deemed to come within the meaning of section 8 of the Indian Law as a member of the St. Regis Tribe. and, therefore, not an intruder.

It is urged that section 8 only applies to people who are not Indians. The language used in some of the cases would suggest that contention. Under the Laws of 1821 (chap. 204) summary removal was confined to persons other than Indians. The present statute is not so restricted. (See *People* v. *Dibble*, 16 N. Y. 203.) As already indicated, the tribes are entirely separate. It is not claimed that any permission for her residence on the American side has been given to her as a member of another tribe and I think we

must assume that she is not a member of the American tribe, but a member of the Canadian tribe and as such is in the same status as any other outsider. It is the common understanding that lands in the town of Bombay included in the reservation are tribal lands. The title which an Indian possesses is the right to occupy and cultivate.

It is not intended by the disposition of this matter to adjudicate upon title. This is a statutory proceeding and the result in my judgment depends upon whether the person sought to be ejected has the right to remain as being a member of the American tribe. Concededly she is not and, therefore, has no right to remain in possession. The rights of the grandson are not passed upon, as his right might depend upon facts foreign to this proceeding, which may be questioned and should not be disposed of in this proceeding.

Order or warrant may be submitted, removing her, as an intruder under the statute, but without prejudice in any proceeding in a competent tribunal to establish the rights of the grandson, or other persons claiming title.