In the Matter of WALLACE J. STAKEL, as District Attorney of Genesee County, Respondent. CARRIE BLUEYE, Appellant.

Fourth Department, January 14, 1953.

*Wallace J. Stakel, District Attorney* (*William H. Coon* of counsel), respondent in person.

*William J. Darch* and *George W. Watson* for appellant.

*Per Curiam.* The County Judge has determined that one Carrie Blueye, an Indian, "intrudes upon the lands of the Tonawanda Reservation, to wit, upon the lands of the Tonawanda Nation of Seneca Indians" in violation of section 8 of the Indian Law. The order directs that a warrant issue to the Sheriff to remove her. Carrie Blueye brings this appeal before us. Said section 8 provides for a summary proceeding to remove "intruders" from Indian lands. The first sentence of the section reads: "Except as otherwise provided by law, no person shall settle or reside upon any lands owned or occupied by any nation, tribe or band of Indians, except the members of such nation, tribe or band * * *." The issue presented in a proceeding under this section is whether a person is an "intruder." If the County Judge determines that a person is an intruder, he may issue a warrant to the Sheriff. We think that, upon the facts in this case, it has not been established that said Carrie Blueye was an "intruder" within the meaning and intendment of the statute, although recognizing that the present statute applies to Indians as well as to white persons. Assuming that the ancient law or custom of the Iroquois, of which the Senecas and Tonawandas were a part, was to trace nationality through the maternal instead of the paternal side and that such rule of "mother lineage" still prevails among the present Tonawanda Indians, still we do not think that the appellant may be determined to be an intruder.

The Indian Law does not define "intruder" nor has any witness in this case told what an intruder is. "Intrude" is defined as "to force (oneself) in without leave or welcome". An intruder is said to be "one who in any way thrusts himself in where he is not wanted". (Webster's New International Dictionary [2d ed.].) The appellant did not force her way upon the Tonawanda Reservation without leave or welcome. Her father, Frank Parker, was a member of the Tonawanda band or nation. He married her mother, Jemima Williams, who was a Seneca Indian living in Canada. Carrie Parker (Blueye) was born in 1889 and when about six years of age, the family came to the Tonawanda Reservation where they continued to live since 1895. Appellant married William Blueye, who was born a Tonawanda Indian upon the reservation in 1875. There they lived and had their family. William Blueye died in 1945. While appellant never asked for or received a permit to dwell on the reservation, nor was she on the Tonawanda Reservation roll for Government benefits, yet for nearly sixty years she has

had no other home, but as the daughter and the wife of Tonawanda Indians, has been and remained on the Tonawanda lands, not as an intruder thereon but with the tacit approval and acquiescence of the Chief's Council and all others. The Tonawandas are genealogically part of the Seneca Nation. By blood of her mother, she was a Seneca, and by the blood of her father she was a Tonawanda whose ancestry was Seneca. She married a Tonawanda. By section 40 of the Indian Law, " Seneca Indians residing on the Tonawanda reservation are designated the Tonawanda Nation." We come to the conclusion that the appellant is not an intruder within the meaning of section 8 of the Indian Law.

The order and judgment should be reversed on the law and facts and the proceeding should be dismissed, without costs.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order and judgment reversed on the law and facts and proceeding dismissed, without costs.