In the Matter of HENRY A. FISCHER, as District Attorney of Franklin County, on Behalf of Chiefs of St. Regis Mohawk Tribe of Indians, Petitioner. MICHAEL CHECKMAN, Respondent.

County Court, Franklin County, October 13, 1953.

*Henry A. Fischer, District Attorney,* for petitioner.

*H. W. Main* for respondent.

*Arthur B. Hart* for Andrew Bero and others, as Chiefs of the St. Regis Mohawk Tribe of Indians.

LAWRENCE, J. This is a proceeding under section 8 of the Indian Law. It is brought by the District Attorney at the instance of the chiefs of the St. Regis Mohawk Tribe of Indians. The chiefs seek to remove Michael Checkman from lands located within the Indian reservation, claiming that he is an intruder. (See *People ex rel. Blacksmith* v. *Tracy,* 1 Denio 617.)

The facts have been stipulated. Michael Checkman is a white man. His wife, Minnie Grey Checkman, is a St. Regis Mohawk Indian. Both of her parents were members of that tribe.

The wife resides on the St. Regis Indian Reservation in the County of Franklin. The husband, Michael Checkman, lives with her.

The husband justifies his residence on the reservation as being in the right of his wife.

The question is this: Can the white husband of a St. Regis Indian woman live at her home on the Indian Reservation? The answer must be yes.

By the marriage Michael Checkman acquired only the privilege of residing on his wife's property when she was willing for him to do so. As Judge BROWN says in *People ex rel. Cutler* v. *Dibble* (16 N. Y. 203, 213): " The policy has been to prevent individual citizens from acquiring any title to and from entering on and appropriating their [the Indians'] lands, unless by such means or under such regulations as the government chose to prescribe."

The point is, however, that Minnie Grey Checkman did not lose any of her rights by such marriage. Section 3 of the Indian Law imposes the marriage and divorce laws of the State upon the Indian Nations. (*Matter of Patterson* v. *Council of Seneca Nation,* 245 N. Y. 433, 445.) The married Indian woman thus retains the same right to enjoy her separate property as a white woman under section 51 of the Domestic Relations Law.

Both parties cite *Matter of Herne* (133 Misc. 286) decided by my father in 1928. The judgment in that case was that a Canadian Indian could be removed as an intruder. This opinion, however, infers that the intruder might no longer be classified as such if her grandson had the right of occupancy and wanted her to live with him.

This determination that Michael Checkman is not now an intruder is of course based upon the present situation. If there is a destruction of the marriage tie between him and Minnie

Grey Checkman, he would be regarded as an intruder subject to removal. (*Matter of Woodin* v. *Seeley*, 141 Misc. 207, affd. without opinion 238 App. Div. 766. But see *Matter of Stakel* [*Blueye*] 281 App. Div. 183.)

Submit order dismissing the application.