In the Matter of WALLACE J. STAKEL, as District Attorney of Genesee County, Appellant. CARRIE BLUEYE, Respondent.

Argued October 23, 1953; decided January 14, 1954.

*Wallace J. Stakel, District Attorney,* in person (*William* H. *Coon* of counsel), for Wallace J. Stakel, appellant.

*William J. Darch* and *George W. Watson* for respondent.

*Per Curiam.* The circumstances of this case compel an inference that a written permit was granted pursuant to the provision which is now section 9 of the Indian Law to Jemima Williams, the mother of respondent, at or about the time when she was married to respondent's father on the Tonawanda Reservation in 1882, or during the many years while they lived there afterward as husband and wife. The determination of the Appellate Division that respondent is not an " intruder " on the Tonawanda Reservation, is interpreted as a finding of fact to the effect that her presence on the reservation is pursuant to such a permit, which is required by section 9. Such a finding is sustained by the evidence. No records were kept of the proceedings of the Council of Chiefs at that time, all persons who were then living are now dead, and a strong presumption of a lost grant of permission permanently to reside on the reservation arises from the lapse of time and the other facts in the case. Respondent herself has resided on the Tonawanda Reservation for at least fifty-eight years. The marriage laws of the State of New York are rendered applicable to Indians

upon the reservation by section 3 of the Indian Law, and a permit granted to the mother of respondent would necessarily operate for respondent's advantage since otherwise it would lie in the power of the Chiefs to remove from the reservation the children of the marriage, which cannot have been the intention of sections 3 or 8.

The order appealed from should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order affirmed.