In the Matter of HENRY A. FISCHER, JR., as District Attorney of Franklin County, Respondent, against JOHN TEBO, Appellant.

Third Department, December 31, 1959.

*E. Stewart Jones* for appellant.

*Arthur B. Hart,* attorney (*Quimby, Gosier & Langyel* of counsel), for respondent.

HERLIHY, J.   The St. Regis Indians are divided territorially and otherwise by the St. Lawrence River and the International boundary line.   The American branch is located in Franklin County a short distance downstream from the St. Lawrence Seaway.   The Canadian branch, a separate and complete entity, is located in the province of Quebec, opposite the American branch.   Aside from the name there is no community of rights or privileges.   A member of one branch is not a member of the other although originally part of the same tribe.

The facts are not in dispute.   Appellant Tebo is an American citizen, born at Elizabethtown, New York.   He and his parents for many years were members of the Canadian tribe; received the benefits attached thereto and their names appeared on the tribal rolls.   They have never been entitled to receive any benefits which accrued to the American branch nor has petitioner ever received permission from the chiefs to reside on the reservation in Franklin County.   In 1956, under these circumstances, Tebo entered the American reservation and bought, without permission, four acres of land from one of the American members.   When he started to build thereon, the chiefs of the American branch, pursuant to section 8 of the Indian Law, requested the District Attorney to remove Tebo as an intruder.   Upon such written complaint, the law is mandatory that the District Attorney initiate such proceedings, and if the County Judge determines that the subject is an intruder, he must sign an order of removal.   Tebo appeared specially to contest the jurisdiction of the court, contending that the St. Regis tribe was governed by the Treaty of 1794 which granted to the people of the Six Nations the sole right to govern themselves without interference by the courts, also that the court could not settle jurisdictional disputes as to property within the reservation and that the elective chiefs who filed the complaint did not lawfully represent the American branch of the tribe.   The court overruled these objections, determining that the Treaty of 1796 — not 1794 —

was applicable to the American branch of the St. Regis Indians; that section 106 of the Indian Law did not preclude the court from finding Tebo an intruder and that the Legislature of the State of New York provided the manner and method for the election of chiefs and there was no evidence before the court of non-compliance with the law — section 110 of the Indian Law. Section 106, mentioned herein, governs jurisdiction of Council of Chiefs to determine disputes.

In a subsequent opinion, dated January 15, 1958, the County Court determined the merits of the controversy, holding that Tebo was a member of the Canadian branch and as a consequence he was an intruder subject to removal and so ordered. The court made no finding concerning the real property rights.

From a reading of the two treaties involved, set forth in the record, it conclusively appears that the Treaty of 1796 was intended to govern the St. Regis Indians. Not only does it refer to the tribe by name but provides, among others, for the tract of land now known as the St. Regis Reservation in Franklin County. The Treaty further provided for the State of New York to compensate the seven Canadian tribes and they relinquished all their rights to lands within the State. In recent years there has been considerable litigation as to Indian property — perhaps due to its close proximity to power and water developments — and that the St. Regis Indians were part of the Seven Nations Treaty made in 1796 seems to be authoritatively settled. (*St. Regis Tribe* v. *State of New York,* 5 N Y 2d 24, 29, 32, 37, 40, cert. denied 359 U. S. 910, rehearing denied 359 U. S. 1015.) We determine in this action that such treaty governs.

While the petitioner claims that any dispute as to the real property within the reservation must be decided by the Tribal Council pursuant to section 106, the issue is not pertinent on this appeal as the County Court made no such finding. Whatever the law may have been, it is now decided that under section 8 of the Indian Law not only is the question of an intruder determined, but the question of title to reservation lands, if necessary, may likewise be determined. Said the court: " In short, the County Court, having jurisdiction of the parties and the proceeding, had power under section 8 to decide the issue of ownership ". (*Matter of Brenner* v. *Great Cove Realty Co.,* 6 N Y 2d 435, 444.)

In further reliance upon the Treaty of 1794, appellants argue that sections 108-113 of the Indian Law are unconstitutional. These sections involve the procedure and election of officers — chiefs — of the tribe of St. Regis Indians in New York State.

Having already determined that the Treaty of 1794 does not govern the St. Regis tribe, there is no merit to the argument and no necessity for further discussion.

As to the merits, Tebo, a St. Regis Indian, is theoretically entitled to live on a reservation of the tribe. Section 8 provided in part: " Except as otherwise provided by law, no person shall settle or reside upon any lands owned or occupied by any nation * * * of Indians, except the members of such nation ". (L. 1909, ch. 31.) However, Tebo and his family, although citizens of the United States, elected to become part of the Canadian branch, were so accepted and their names appeared upon its rolls. As previously observed, although part of the same tribe, the two branches are separate and distinct and the action taken by the American chiefs — refusing to allow Tebo the privileges of the American reservation — was within their authority and classifying him as an intruder was premised on sound reasons. Tebo, having made the election in the first instance, cannot now be heard to complain. It appears to be the intent of the law that the St. Regis Indians, American branch, should have the right to determine who is entitled to live on its reservation. (*Matter of Herne,* 133 Misc. 286.)

The order of the County Court should be affirmed.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order of the County Court affirmed, without costs.