■ In the Matter of THOMAS J. SPOTA, on Behalf of UN-KECHAUG INDIAN NATION, Appellant, v TINA JACKSON, Respondent. [832 NYS2d 574]—

In a proceeding pursuant to Indian Law § 8, the petitioner appeals from an order of the County Court, Suffolk County (Hinrichs, J.), dated November 4, 2005, which, after a trial, determined that the respondent was not an intruder upon a certain portion of the lands of the Unkechaug Indian Nation and denied the petition.

Ordered that the order is affirmed, with costs.

In 2002 the respondent Tina Jackson moved with her children to an allotment on the lands of the Unkechaug Indian Nation (hereinafter the tribe) belonging to her husband George Jackson (hereinafter Jackson), a "blood-right" member of the tribe as defined by the Tribal Rules, Customs, and Regulations of the tribe. In February of 2004 Jackson transferred his interest in the allotment to his brother. The tribe's Chief testified that after the transfer, the tribe's Tribal Council, with the acquiescence of Jackson's brother, permitted the respondent to remain on the allotment while caring for her children, who are blood-right members of the tribe. However, in 2005 Jackson's brother asked the Tribal Council to have the respondent removed and, at the request of the Tribal Council, the petitioner commenced the instant proceeding.

Initially, we note that the County Court correctly determined that the question of the legitimacy of the transfer of the allotment from Jackson to his brother is an internal matter to be determined by the tribe and not by the courts (*see Valvo v Seneca Nation of Indians,* 170 Misc 2d 512, 517 [1996]). Never-

theless, contrary to the petitioner's contention, the County Court had the authority to determine in this proceeding whether the respondent was an "intruder" on the tribe's lands as defined by the Indian Law (Indian Law § 8; *see Matter of Catterson v Pell*, 249 AD2d 387 [1998]). The County Court properly determined that the respondent was not an intruder, as she did not force her way onto the allotment without leave or welcome (*see Matter of Stakel [Blueye]*, 281 App Div 183, 184 [1953], *affd* 306 NY 679 [1954]), and she is responsible for her children until they reach the age of 21 (*see* Domestic Relations Law § 240 [1-b] [b] [2]; Family Ct Act § 415). As the respondent was not an intruder, the County Court properly denied the petition to have her removed.

Motion by the appellant on an appeal from an order of the County Court, Suffolk County, dated November 4, 2005, to strike portions of the respondent's brief on the ground that it raises issues that are not properly before this Court. By decision and order on motion of this Court dated June 6, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.